29550. DUGGAN *v.* JELKS.

572

Decided July 8, 1942.

D. C. Chalker, for plaintiff in error.

H. F. Lawson, Roger H. Lawson, contra.

Felton, J. E. L. Jelks sued D. E. Duggan as indorser on a promissory note under seal payable to "E. L. Jelks, Mgr.," dated July 25, 1924, and due Dec. 1, 1924. Duggan's defense was that the plaintiff had failed to exercise due diligence in collecting the note from the maker. The answer did not allege that the time of payment was extended by an agreement binding on the holder. On the trial it was agreed by the parties that the note sued on was owned jointly by the plaintiff and his two sisters, the plaintiff owning 32/72 interest and the sisters 20/72 each. The defendant moved to dismiss the action except as to the plaintiff's interest. The motion was denied and exception preserved pendente lite. The evidence simply showed a failure on the plaintiff's part to collect the note promptly, and an indulgence of about seventeen years. There was no evidence that there was a consideration for an extension of time to the maker of the note, or that the plaintiff had failed to sue the maker in the required time after written notice. The judge trying the case by consent without a jury found for the plaintiff the full amount sued for. The defendant's motion for new trial was overruled and he excepted, assigning error on the overruling of the motion for new trial and on the overruling of his motion to dismiss as to the sisters' interest in the note.

Before the passage of the negotiable-instruments law an accommodation indorser was a surety, and the only way such an indorser could be discharged from liability by an extension of time or indulgence to the party primarily liable on a negotiable instrument was by an agreement with the holder, based on a considera-

tion, to extend the time of payment, or to postpone the holder's right to enforce the instrument, without the indorser's consent. Since the note was executed before the passage of the negotiable-instruments law, Code § 103-203, which provides that the surety is discharged by an act of the creditor which increases his risk, but that the mere failure to sue as soon as the law allows or neglect to prosecute with vigor his legal remedies, unless for a consideration, shall not release the surety, governs, rather than Code § 14-902 (6), which provides that the person secondarily liable shall be discharged by an agreement binding on the holder to extend the time of payment, unless with the consent of the party secondarily liable, or unless the right of recourse against such party is expressly reserved. See *Massell* v. *Prudential Insurance Co., 57 Ga. App.* 460 (196 S. E. 115).

■ It appeared from the evidence that the note sued on was given for the purchase price of timber, and that the note was the property of E. L. Jelks, Maude Jelks, and Ruth Jelks; that E. L. Jelks, in whose name the note was made, owned only 32/72 interest in the note. The defendant moved that the suit should be dismissed as respects the portion of the note not owned by E. L. Jelks. It was the contention of the defendant that E. L. Jelks could recover on the note only his proportionate part, which was 32/72. The court overruled this motion and the defendant excepted pendente lite.

The note was payable to "E. L. Jelks, Mgr.," and to no one else. E. L. Jelks therefore was the holder of the legal title to the note. Whatever interests other persons may have had in the note were purely equitable. As against this defendant, E. L. Jelks, the holder of the legal title, could, if otherwise entitled to recover, recover the entire interest in the note. It would be a question between him and the other alleged owners as to a division of the money, and this would be no concern of the defendant.

The evidence authorized the finding for the plaintiff, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*